FT. WORTH & DENVER CITY RAILWAY COMPANY V. T. H. CONNER,
CHIEF JUSTICE ET AL

No. 1732.    Decided October 23, 1907.

**Damages—Carrier—Delay—Conflicting Decisions—Cases Distinguished.**

Refusing a writ of mandamus to require the Court of Civil Appeals to
certify the question of the correctness of their ruling on the damages recover-
able for delay and rough handling of a shipment of cattle to market, sought
on the ground of its conflict with other decisions, the court distinguish the
ruling herein, Ft. Worth & D. C. Ry. Co. v. Richards, 105 S. W. Rep., 236,
from that in Gulf, C. & S. F. Ry. Co. v. Ware, 9 Texas Ct. Rep., 194, and
hold them not in conflict.    (Pp. 34, 35.)

Application to the Supreme Court for writ of mandamus to require
the judges of the Court of Civil Appeals to certify a question.

*Spoonts, Thompson & Barwise* and *W. T. Allen,* for petitioner.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.
This is a petition for a writ of mandamus to compel the judges
of the Court of Civil Appeals for the Second Supreme Judicial
District to certify a question decided by them in the case of the
Ft. Worth & Denver City Railway Company v. T. J. Richards
to this court for its determination. The ground of the applica-
tion is that the decision of the Court of Civil Appeals in the
instant case is in conflict with the decision of the Court of
Civil Appeals for the Third Supreme Judicial District in the case
of Gulf, Colorado & Santa Fe Railway Company v. Ware, et al.,
reported in the 9th Texas Court Reporter on page 194. Is there a
conflict? In the present case the plaintiff sued for damages resulting
to him for delay and rough handling in the shipment of cattle from
Childress, Texas, to Kansas City, Missouri. The cattle if trans-
ported with the proper dispatch should have been delivered at

Kansas City on October 31; but were not delivered until November 2. It seems the plaintiff offered evidence tending to show what the cattle sold for on November 2 and what they would have sold for, but for the rough treatment and injury resulting from the long delay in transit. A verdict having been rendered for plaintiff the defendant moved for a new trial upon the ground that there was no evidence to support the verdict—its contention being that the measure of damages was the difference between the value of the cattle if properly carried and delivered on October 31, and their value on the day of their actual arrival in the condition they were in at that time. The case of Gulf, Colorado & Santa Fe Railway Company v. Ware, presented a similar state of facts. This it seems was a suit for damages to cattle in transit by reason of rough handling and delay. The cattle arrived on a certain day after a delay and three days thereafter were sold by the plaintiff. The Court of Civil Appeals for the Third District reversed the judgment for error in the following charge of the trial judge: "The measure of damages in this case, if any you find, would be the difference in market value in Fort Worth of said cattle in the condition in which they were sold, or in which they reached Fort Worth, and the market value of said cattle in the condition in which they should have reached said place, or sold, if shipped with due caution, care and dispatch." The Court of Civil Appeals in their opinion upon the motion to certify the question say: "But we are of opinion that there is no real conflict between the two cases, the case decided by us differing from the case cited in that appellee was permitted to prove the difference between the market value of his cattle on the day of their arrival in Kansas City in the condition they were then in, and their market value on that day in the condition they would have been in if they had been handled with proper care and had not been delayed two or three days in reaching the market, no damages having been claimed on account of a decline in the market and no evidence having been offered by appellant tending to show any improvement in the market during the period of delay (in support of which holding the case of Atchison, T. & S. F. Ry. Co. v. Bryan, 37 S. W. Rep., 235, was cited); whereas in the case cited as being in conflict, the judgment was reversed and the cause remanded because the court instructed the jury that the measure of damages in that case would be the difference in market value of the cattle at the place of destination in the condition in which they were sold, and their market value in the condition in which they "should have reached said place, or sold, if shipped with due caution, care and dispatch," the proof showing that the cattle were not sold until three days after they reached the market." We concur in the view as expressed above and therefore refuse the mandamus as prayed for.